### Sulkes v. Sacks

*Mark E. Goldberg*, for plaintiff.

*Louis Fine*, for defendants.

WEINROTT, J., May 24, 1973.—Before the court is the construction of an agreement of sale. The controversy is over the interpretation of the clause describing the premises proposed to be conveyed.

That clause reads, in part:

"8057 Frankford Avenue 'through to' 8062 Charles Street."

Plaintiff claims that both parcels were to be conveyed; defendants claim only the parcel 8057 Frankford Avenue was to be conveyed.

Settlement was not completed as a result of this controversy, and plaintiff brought this action for specific performance. Defendants counterclaimed, claiming the purchase price was for the Frankford Avenue parcel only.

We find the following

## FINDINGS OF FACT

1. Plaintiff and defendants are the parties to the agreement of sale, a copy of which is attached to the complaint in equity.

2. The premises consist of two parcels, one of which fronts on Frankford Avenue and the other on Charles Street. The two parcels are contiguous, share a common boundary, and were conveyed to defendants in a single transaction.

3. Plaintiff has paid the required deposit money and is prepared to complete settlement and is otherwise ready, willing and able to complete the transaction.

4. Defendants have refused to complete the conveyance of the premises to plaintiff because of the present controversy.

5. The parcel has been regarded in the neighborhood as a single piece.

6. The entire tract was formerly known in the community as the "Legion" tract.

## DISCUSSION

The agreement was drafted inartfully by a representative for defendants, and any ambiguity, therefore, is construed against defendants.

We believe that the matter is not complex, and our research has discovered no case directly on point construing the language "through to." We think that if the parties had intended to convey only the premises fronting on Frankford Avenue, the description, "8057 Frankford Avenue" in the granting clause would have been sufficient to convey that single parcel. We must, therefore, ascribe some meaning to the remaining language, since we do not consider it as mere surplussage in view of the history and common knowledge in the community as above set forth.

We conclude that the additional language "through to 8062 Charles Street" was inserted for the purpose of conveying both parcels to plaintiff. We are not persuaded by defendants' argument that the additional language was merely for the purpose of ascertaining the exact boundary lines between the two. The exact boundary lines could have been described by the simple expedient of the use of "8057 Frankford Avenue." By the use of that single term, the title search would have disclosed the exact boundaries and it would not have been necessary to insert any further descriptive language.

We conclude, therefore, that the language "through to 8062 Charles Street" carries with it the premises 8062 Charles Street. Any other interpretation of the clause would render the controverted language either as surplussage or of no force and effect, and we believe that was not the intention of the parties.

Under the circumstances, we enter the following

## CONCLUSIONS OF LAW

1. The court has jurisdiction over the parties and the subject matter.

2. The agreement is ambiguous on its face and parol evidence is admissible to explain its terms.

3. The ambiguity must be resolved against defendants, since it was drawn by their representative.

4. That the prayer for specific performance by plaintiff is granted and defendants' counterclaim is dismissed.

5. That by stipulation, this matter is considered as on final hearing.

Consequently, we enter the following

### FINAL DECREE

And now, to wit, May 24, 1973, it is ordered, adjudged and decreed as follows:

1. The petition of plaintiff, Herbert Sulkes, for specific performance is granted, and defendants, Edward Sacks and Helen Mary Sacks, his wife, are ordered to comply with the terms of the agreement of sale dated July 11, 1972; that settlement be scheduled within 30 days, and that defendants execute and deliver the necessary deeds and other documents necessary to complete settlement.

2. The counterclaim of defendants, Edward Sacks and Helen Mary Sacks, his wife, is dismissed.

The prothonotary is directed to enter this decree and give notice thereof to the parties and their counsel.